**Horace DENTON, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, BOILERMAKERS LOCAL 29, et al. Defendants.**

**Civ. A. No. 84–2760–WF.**

United States District Court, D. Massachusetts.

Jan. 28, 1986.

Paul L. Nevins, Philip R. Olenick, Boston, Mass., for plaintiff.

Paul F. Kelly, Segal, Rotiman & Coleman Blake & Uhlig, Boston, Mass., Steve A.J. Bukaty, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Horace Denton ("plaintiff"), a black Jamaican and former union member of Boilermakers Local 29, has brought this action charging that Local 29 and Fred B. Hayes, the business manager of Local 29 ("defendants"), discriminated against plaintiff in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and committed unfair labor practices pursuant to § 8(b)(1)(A) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(1)(A).[1] Plaintiff has also brought state law claims against defendants alleging intentional infliction of emotional distress and breach of the implied covenant of good faith dealing. Defendants have moved for summary judgment of all claims on several alternative grounds. For the reasons stated below, the defendant's motion is denied in part and granted in part.

### I. *Facts*

The material facts relevant to defendants' motion for summary judgment are as follows.

Defendant Local 29 represents two types of construction workers: (1) Boilermakers who are employed on a regular basis in a single shop, and (2) Boilermakers who work in less permanent field construction positions. In general, "shop" members are not entitled to be referred to field construction jobs. Affidavit of William Carey ("Carey Aff.") at ¶ 4. Prior to November 1, 1982, there were two methods for a shop member to become eligible for the referral list. A union member could qualify by accumulating 8,000 hours of job experience. Alternatively, a union member, employed within the Local's jurisdiction, could qualify by accumulating 4000 hours and passing a written examination. Carey Aff. at ¶ 4.

---

1. The parties have stipulated to the dismissal of all claims against the International Boilermakers and Harold J. Buoy, defendants named in the original complaint.

When the list of eligible referrals was exhausted, the union referred workers who lacked the established qualifications on a "permit" basis. Carey Aff. at ¶ 9. During the mid-1970's, the plaintiff, although not a union member, received such permit referrals. Deposition of Horace Denton ("Denton Dep.") V.I at 13–16. From these referrals, plaintiff accumulated over 4000 hours experience. Denton Dep. V.I at 86.

During 1978, the plaintiff worked for three weeks as a boilermaker at the Harvard Medical Center. Plaintiff alleges that he left this job, and was eventually discharged, after co-workers physically intimidated him. Denton Dep. V.I at 17–22.

In February, 1979, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming he had been refused union membership on account of his race. Denton Dep. Exhibit 10. The parties reached a settlement of this claim. Under the settlement terms, defendants agreed to assist plaintiff in finding employment. Denton Dep. Exhibit 11. Plaintiff alleges that the defendants promised, as part of the settlement agreement, to qualify plaintiff for referrals in field construction. Denton Dep. V.II at 75 and 82.

Following the settlement, plaintiff obtained employment with Hodge Boiler Works. After three months at this job, plaintiff alleges he was forced to leave when one of his co-workers deliberately set plaintiff's clothes on fire. Denton Dep. V.I at 34. Since plaintiff had worked more than sixty days at Hodge, he became a shop member of Local 29.

In August, 1981, plaintiff filed charges with the EEOC alleging that Local 29 had discriminated against plaintiff through its refusal to place plaintiff on the field work referral list. Denton Dep. Exhibit 12. Plaintiff charged that a union official had stated that referral would only occur "over his dead body." Denton Dep. V.II at 85. The EEOC dismissed this complaint. Denton Dep. Exhibit 13.

On October 28, 1982, plaintiff filed a written request to take the field work qualifying examination. On December 20, 1982, the union denied this request on two grounds. First, the union stated that as of November 1, 1982, the Local had eliminated the "4000 hours and exam" option. Second, the union explained that since plaintiff was not employed within Local 29's jurisdiction on October 28, 1982, he was not eligible to take the exam. Denton Dep. Exhibit 4. Plaintiff has never been given the opportunity to take the written exam.

In December, 1982, plaintiff filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") claiming the union committed an unfair labor practice by changing the qualifying rules and by discriminating against plaintiff. Denton Dep. Exhibit 14. The NLRB dismissed this action. Denton Dep. Exhibit 15.

On August 2, 1983, plaintiff filed a third complaint with the EEOC charging that the union was discriminating against him by refusing to provide field construction referrals. Denton Dep. Exhibit 16. During this period plaintiff had continued to pay union dues. Each month when he went to the union hall to pay these dues, he requested work in field construction. Plaintiff made such monthly requests through December, 1984. Denton Dep. V.II at 33–34 and 94–95.

On June 8, 1984, the EEOC dismissed this complaint and issued a right to sue letter. Denton Dep. Exhibit 17. Plaintiff brought this suit on September 6, 1984.

## II. *Discussion*

### A. *Summary Judgment Standard*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the evidence shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). In deciding motions for summary judgment, "the court must look at the record in the light most favorable to the party opposing the motion and must indulge all inferences favorable to that party." *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 928

(1st Cir.1983) (*citing Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)).

A court must be "particularly cautious" about granting summary judgment when the state of mind of one of the parties is in issue. *Stepanischen*, 722 F.2d at 928. However, the existence of a state of mind issue does not "automatically preclude summary judgment." *Id.* at 929. The party opposing the motion must present some indication that "he can produce the requisite quantum of evidence" to entitle him to a trial. *Hahn*, 523 F.2d at 468; *Stepanischen*, 722 F.2d at 929; *Velazquez v. Chardon*, 736 F.2d 831, 833 (1st Cir.1984). In cases involving an issue of intent, direct evidence of defendant's intent seldom exists. Before granting summary judgment, the court is required to determine "whether plaintiff could prevail if a jury or judge believed plaintiff's version of the facts and disbelieved defendant's version." *Stepanischen*, 722 F.2d at 929.

### B. *Title VII Claim*

Plaintiff has brought a disparate treatment claim under Title VII. Defendants have moved for summary judgment on the grounds that the claims are time-barred, are barred by the terms of the 1979 EEOC settlement, and fail to establish a *prima facie* case of discriminatory treatment.

### 1. *Statute of Limitations*

Defendant argues that the discriminatory acts, upon which the August 2, 1983 EEOC complaint is based did not occur within the requisite time period. In a deferral state such as Massachusetts, a complainant must "file his charges [with the EEOC] within 240 days of the alleged discriminatory employment practice." *Mohasco Corp. v. Silver*, 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2491 n. 16, 65 L.Ed.2d 532 (1980). Therefore, if the last act of alleged discrimination occurred prior to December 6, 1982, plaintiff's Title VII claims would be time-barred.

However, if the plaintiff can show that discrete discriminatory acts occurred within the requisite time period, or that these acts represented a continuing violation, then the Title VII claim is not time-barred. The First Circuit recently adopted the following articulation of the continuing violation theory:

If the discrimination alleged is a single act, the statute begins to run at the time of the act. If, on the other hand, the statutory violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full limitations period are foreclosed. Similarly, if the statutory violation occurs as a result of a continuing policy, itself illegal, then the statute does not foreclose an action aimed at the company's enforcement of the policy within the limitations period.

*Velazquez v. Chardon*, 736 F.2d at 833 (quoting *Perez v. Laredo Junior College*, 706 F.2d 731, 733–34 (5th Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984)). In *Velazquez*, the court went on to state that "[a] party who wishes to show that he had been a victim of a continuing violation must demonstrate 'that not only the injury but the discrimination is in fact ongoing.'" *Velazquez*, 736 F.2d at 833 (quoting *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980)). *See also Delaware State College v. Ricks*, 449 U.S. 250, 257–8, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980); *United Airlines v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). On this question, the First Circuit has held that following a discriminatory salary determination, each pay check represents a continuous violation of Title VII. *See Lamphere v. Brown University*, 685 F.2d 743, 747 (1st Cir.1982) (Title VII action not time-barred even though initial discriminatory salary determination occurred one full limitations peri-

od before EEOC complaint was filed). Thus, under the continuing violation theory, plaintiff's action is not time-barred as long as discrete or continuing acts of determination occurred after December 6, 1983.

■ Defendants argue that the only acts of discrimination alleged by plaintiff occurred during plaintiff's 1978 and 1979 employment at Harvard Medical Center and Hodge Works. However, plaintiff has alleged that several acts of discrimination occurred after December 6, 1982, and has produced evidence to support these allegations. For one, on December 20, 1982, defendants notified plaintiff of the denial of his request to take the qualifying examination. Denton Dep. Exhibit 4.[2] In addition, plaintiff stated that he continued to request employment at the union hall, every month through December, 1984. Denton Dep. V.II 94–95. Defendants denied each of these requests. Thus, the court finds that material evidence exists which places the time-bar issue in dispute and summary judgment is inappropriate on this issue.[3]

### 2. EEOC Settlement Claims

■ Defendants seek partial summary judgment on claims arising out of the 1979 EEOC complaint on the grounds that the parties settled these claims. Defendants argue that the union complied fully with the terms of this settlement. However, plaintiff has raised facts which put this issue into dispute. Plaintiff has stated that defendants had promised to place plaintiff on the field work referral list when plaintiff became a union member. Plaintiff has claimed that this promise was made during final discussions at the EEOC, and was considered to be incorporated into the settlement agreement. Denton Dep. V. II at 81–82. This evidence raises a disputed issue of material fact. Thus, the court finds that it is not appropriate to grant partial summary judgment in respect to claims raised in the 1979 EEOC complaint.

### 3. Prima Facie Case of Discrimination

To establish a prima facie case of discrimination, plaintiff must show "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that despite his qualifications he was rejected, and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Defendants argue that plaintiff was never qualified for referral and, therefore, has not met his burden.

■ This question of fact remains the central dispute in the case. Plaintiff has claimed that he had reached the 4000 hour requirement, but then was refused permission to take the exam. In explaining this refusal, the union sent plaintiff a December 20, 1982, letter which states that "all applicants eligible to take the required examination, as of November 1, 1982, were given the opportunity to do so." Denton Dep. Exhibit 4. The evidence shows that when plaintiff was working at Hodge Works, he had worked the 4000 hours and was employed within Local 29's jurisdiction. Therefore, at a minimum, during that

---

**2.** Indeed, this denial represents one of the main discriminatory acts upon which plaintiff's claim is based. *See discussion infra* at 9–10.

**3.** The time-bar question may affect the specific acts for which plaintiff may recover, as opposed to barring the entire claim. The First Circuit has not ruled whether the continuing violation theory can ever operate to allow recovery for acts occurring more than one full limitations period before the filing of the administrative complaint. *Cajigas v. Banco de Ponce*, 741 F.2d 464, 470 (1st Cir.1984) (questioning whether continuing violation theory should operate to allow recovery for acts occurring outside the limitations period). *Compare Mamos v. School Committee of Wakefield*, 553 F.Supp. 989, 992–93 (D.Mass.1983). In this case, it would be premature to decide whether plaintiff can recover for acts occurring outside the limitations period, because evidence of these acts may be admissible to prove motive for acts not time-barred. *Cajigas*, 741 F.2d at 470 n. 13. *See Johnson v. Digital Equipment Corp.*, No. 83–443–W (December 23, 1985) Slip op. at 11 n. 4.

period plaintiff was eligible to take the qualifying exam.

The union also stated that plaintiff was not eligible to take the exam because at the time of the written request, plaintiff was not working within the union's jurisdiction. Plaintiff has stated, however, that he was forced to leave the job at Hodge Works because of threats of physical violence made against him on account of his race and national origin. This evidence raises a genuine factual dispute concerning the validity of the union's claim that plaintiff was not "qualified" for the position. Thus, the court finds that issues of material facts are in dispute on the issue of plaintiff's qualifications, and summary judgment is not appropriate.

### C. Labor Relations Act Claims

In Count II of the complaint, plaintiff alleges that defendants breached the duty of fair representation in violation of 29 U.S.C. § 158(b)(1)(A). Complaint at ¶ 23. Plaintiff's claim may be construed as either an action for an unfair labor practice under § 8(b)(1)(A) of the National Labor Relations Act ("NLRA") or a breach of a duty of fair representation under § 301 of the Labor Management Relations Act, brought pursuant to 29 U.S.C. § 185(a). Summary judgment for defendant is required under either construction.

### 1. Unfair Labor Practice

■ Unfair labor practice actions brought under § 8 of the NLRA are within the exclusive jurisdiction of the NLRB. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). In fact, plaintiff initially brought an unfair labor charge before the NLRB, which the Board dismissed. Denton Dep. Exhibit 5. Plaintiff provides no jurisdictional basis for its claim. To the extent plaintiff is bringing an unfair labor practice charge, the court finds that it does not have jurisdiction to adjudicate such a claim. *See Melanson v. John J. Duane Co., Inc.,* 507 F.Supp. 238 (D.Mass.1980).

### 2. Breach of the Duty of Fair Representation

■ In general, district courts have jurisdiction over claims brought under § 301 of the Labor Management Relations Act ("LMRA") alleging the breach of the duty of fair representation in violations of the terms of a collective bargaining agreement. 29 U.S.C. § 185(a); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, when bringing a breach of duty claim pursuant to the terms of the collective bargaining agreement, plaintiff is bound by the terms of that agreement. *Vaca v. Sipes,* 386 U.S. at 184, 87 S.Ct. at 913. Therefore, if the contract provides for a grievance procedure, a court may not hear the § 301 suit of an employee who has failed to exercise remedies available under the contract. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 562–563, 96 S.Ct. 1048, 1055–1056, 47 L.Ed.2d 231 (1976); *Hayes v. New England Millwork Distributors,* 602 F.2d 15, 18 (1st Cir.1979). The plaintiff must at least attempt to exhaust grievance procedures established by the contract. *Vaca v. Sipes,* 386 U.S. at 184, 87 S.Ct. at 913.

In this case, plaintiff's breach of duty claim is based on the terms of the collectively bargained "Local Joint Referral Rules and Standards for the Northeast Area." Carey Aff. Exhibit 2. This contract contains the referral and employment rules which plaintiff claims were breached by the union. This contract provides that disputes arising under the contract rules shall be adjudicated by the Local Joint Referral Disputes Committee. *Id.* at 3. Plaintiff admits that he never attempted to file any grievance, as required by the contract, with the "Disputes" committee. Denton Dep. V. II at 29–30.

■ The court recognizes that exceptions to the exhaustion requirement exist when the conduct of the employer amounts to repudiation of the contract procedures or when the union prevents access to the grievance process. *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914; *Hayes,* 602 F.2d at 18. However, the court finds neither ex-

ception applies to the facts in this case. Defendants have not repudiated the contract. Rather, they rely on the terms of the contract to justify the union's actions. Also, no evidence shows that the union prevented access to the grievance process in relation to the referral dispute.

No material facts related to this issue are in dispute. Thus, the court finds that the failure to exhaust, or even attempt to exhaust, remedies available under the collective bargaining agreement at issue bars consideration of the breach of the duty of fair representation claim.

### D. Emotional Distress Claim

■ In Count III of the complaint, plaintiff alleges that the extreme and outrageous acts of defendants have caused severe emotional distress. To the extent plaintiff is relying on the allegations involving the union's discriminatory work-referral practices, the state tort law claim is preempted by federal labor law. In *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), in finding no general preemption of emotional distress claims, the Court stated: "Union discrimination in employment opportunities cannot itself form the underlying 'outrageous' conduct on which the state-court tort action is based." *Id.* at 305, 97 S.Ct. at 1066. The facts alleged by plaintiff relate directly to the claims of employment discrimination in job referrals.[4] Thus, the court finds that this state law tort claim is preempted by federal labor law.

### E. State-Law Contract Claims

In Count IV of the complaint, plaintiff alleges that defendants breached the im-plied covenant of good faith and fair dealing that attaches to all contracts under state law.

Sections 301 of the LMRA entirely displaces any state cause of action "for violation of contracts between an employer and a labor organization." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853–2854, 77 L.Ed.2d 420 (1983); *AVCO v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Court held:

> [W]hen resolution of the state law claims is substantially dependent on an analysis of the terms of an agreement made between the parties to a labor contract, that claim must either be treated as a § 301 claim or dismissed as preempted by federal labor contract law.

*Id.*, 105 S.Ct. at 1916.

■ Although this is an action between an employee and his union, the claims raised by plaintiff relate directly to the terms of a contract between the union and employers. The collectively bargained "Local Joint Referral Rules," Carey Aff. Exhibit 2 and Articles of Agreement Between the International Brotherhood and Northeastern States Boilermaker Employees, Denton Dep. Exhibit 1, are the only contracts at issue on the facts before the court. These contracts contain the terms which govern the union's treatment of its members in relation to construction work referrals.[5] Thus, the court finds that the state law contract claim is preempted by federal labor contract law.[6]

---

**4.** Plaintiff has alleged acts of physical violence and harrassment against him at two job sites. Although such facts may represent the type of particularly abusive behavior required to avoid federal preemption, any claim based on these allegations is time-barred. The acts occurred during 1978 and 1979, and Massachusetts has a three year statute of limitations for tort actions. Mass.Gen.Laws ch. 260 § 2A.

**5.** Plaintiff's allegation that the union violated the terms of these contracts may be treated as breach of duty of fair representation claim un-der § 301. *Allis-Chalmers Corp.*, 105 S.Ct. at 1916; *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903. Under Count II, plaintiff alleged this breach of duty claim. The court has found, however, that this claim is barred by failure to exhaust remedies under the contract. *See supra* at 11–12.

**6.** To the extent plaintiff is seeking recovery for the breach of any contract entered into directly between plaintiff and the union, the court notes that such claims may not be barred by federal preemption. At present, the only contracts now alleged to be involved are the collectively bar-

### F. *Claim Against Defendant Fred Hayes*

Section 706(f)(1) of Title VII provides that "a civil action may be brought against the respondent named in the charges" after issuance of notice of a right to sue. 42 U.S.C. § 2000e–5(f)(1). The 1983 EEOC complaint, upon which this action is based, does not name defendant Hayes.

In *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the filing of a charge with the EEOC is not a jurisdictional prerequisite to bringing a Title VII claim. However, *Zipes* found that the EEOC filing serves as a requirement comparable to a statute of limitations, subject to equitable doctrines such as waiver, estoppel, and equitable tolling. 455 U.S. at 393, 102 S.Ct. at 1132. Therefore, the Supreme Court did not hold that the filing requirement could be set aside in all cases. *See Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083 (6th Cir.1984).

In the present case, equitable doctrines do not provide any justification for permitting plaintiff to proceed against defendant Hayes on the Title VII claim. Plaintiff will not be prejudiced if Hayes is dismissed. Plaintiff's requested relief may be recovered in full from defendant union. In fact, plaintiff has not raised allegations relating specifically to Hayes' actions and has merely named Hayes as a representative of the union. Denton Dep. V. II at 99–100. Thus, the court finds that plaintiff may not proceed on the Title VII count against defendant Hayes.

### III. *Conclusion*

For the reasons stated above, defendants' motion for summary judgment on Count I, the Title VII claim, is hereby DENIED. The defendants' motion for summary judgment on Counts II, III and IV, the federal labor law and state tort and contract claims is hereby GRANTED. Defendant Hayes' motion for summary judg-

---

ment on the Title VII count is hereby GRANTED.

---

gained agreements and plaintiff's state law claim that the union violated the terms of these agreements is barred.