**Victoria SOLANO MEDINA, Plaintiff,**

**v.**

**Ivelisse RIVERA ALMODOVAR, individually and as Press and Public Relations Director of the Department of Sports and Recreation of the Commonwealth of P.R.; Ruben Gonzalez, individually and as Administrator of the Escambrón Recreation Center of the Department of Sports and Recreation; Carlos Nieves Concepcion, individually and as Administrator of the Escambrón Recreation Center of the Department of Sports and Recreation, Defendants.**

**Civ. No. 86–1761(RLA).**

United States District Court, D. Puerto Rico.

May 15, 1987.

Pedro Miranda Corrada, San Juan, Puerto Rico, for plaintiff.

Pedro A. Del Valle Ferrer, Federal Litigation Div., Dept. of Justice, San Juan, Puerto Rico, for defendants.

**OPINION AND ORDER**

ACOSTA, District Judge.

The present case is an action pursuant to 42 U.S.C. § 1983 for damages and injunctive relief. Plaintiff alleges that the defendants improperly transferred her from her position as "Funcionario Ejecutivo III"[1] in the area of press relations of the

1. Plaintiff does not translate this title in her complaint. Our loose translation is "Executive

Department of Sports and Recreation to a non-press related position at the Escambrón Recreation Center solely because of her political affiliation to the New Progressive Party.[2] Plaintiff contends that this transfer violated her first and fourteenth amendment constitutional rights.

Before the Court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed on April 2, 1987. Plaintiff has failed to reply.

 Defendants move the Court to dismiss the present case as time-barred. They argue that the applicable statute of limitations is Puerto Rico's one-year period for tort actions and that the instant complaint was filed more than one year after the alleged discriminatory event against plaintiff occurred, thus the complaint must be dismissed. We agree.

In Section 1983 actions, which sound in tort, the applicable prescription period is the forum State's statute of limitations for tort claims. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Puerto Rico, tort claims must be filed within one year of the injury. Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298(2).

Since there is no doubt that the one-year prescription period applies here, the question then is: When does the action accrue? The determination of the accrual period is a matter of federal law. *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir.1980). Under federal law a Section 1983 cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action". *Marrapese v. State of R.I.,* 749 F.2d 934, 936 (1st Cir.1984) *cert. denied,* — U.S. —, 106 S.Ct. 252, 88 L.Ed.2d 259 (1985).

An established exception to the above limitation period is found in cases where a pattern or policy of employment discrimination exists in which there is no single act of discrimination sufficient to trigger the start of the prescription period. *Velázquez v. Chardon,* 736 F.2d 831, 833 (1st Cir. 1984). This is commonly referred to as the "continuing violation" exception.

To determine whether in the present case there is a "continuing violation" such that the prescription period is effectively tolled we must ask "whether a present violation exists", *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) or whether the complaint simply establishes that plaintiff "continues to suffer from ongoing effects of some past act of discrimination", *Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir.1979).

In sum, we must apply a two-prong test to determine whether or not the present action is time-barred. First, we must establish whether the complaint was in fact filed one year after the date of the alleged discriminatory event. If so, we must then determine whether the "continuing violation" exception applies by studying plaintiff's allegations to see if they describe either the present effects of a past act of discrimination or a series of discreet and current violations.

In the case at bar, plaintiff alleges she was discriminatorily transferred from the Central Office of the Department of Sports and Recreation to the Escambrón Recreation Center on July 23, 1985. However, the complaint was not filed until November 10, 1986, that is, approximately one year and four months later. Therefore, the complaint must be dismissed unless it specifies some type of a continuing violation.

The instant complaint contains mainly conclusory allegations that plaintiff was arbitrarily transferred to a position with menial tasks in an effort to "ultimately achieve her separation from her permanent position ... due solely to the fact that plaintiff is a member of the NPP (New Progressive Party)". Further, that "defendants actions have subjected plaintiff to the scorn and ridicule of her co-workers

---

Functionary III".

**2.** Defendants, on the other hand, belong to the Popular Democratic Party. One of the fundamental differences between the two parties is

that the New Progressive Party advocates statehood while the Popular Democratic Party prefers autonomy under a commonwealth status.

and other persons and have caused her serious and considerable mental and emotional distress".

■ Even though we accept, as we must, all the allegations of the complaint as true for purposes of the motion to dismiss, *see Williams v. City of Boston*, 784 F.2d 430, 433 (1st Cir.1986), there is nothing in the language quoted above or in the complaint as a whole to establish that a present violation exists. In other words, the complaint establishes only one separate and distinct discriminatory event, to wit, the job transfer of July 23, 1985. All the other allegations by plaintiff, none of which contain any worthwhile detail, are nothing more than variations on the same theme. Plaintiff is simply stating that she continues to suffer humiliation and emotional distress because of both her job transfer and the particular nature of her present job. But the job transfer, as opposed to any present violation of her constitutional rights, remains the pivotal event around which her Section 1983 action revolves. Her bald statement that defendants, through their actions, seek to remove her from her "permanent position" cannot by itself establish a continuing violation exception to the limitation period. Therefore, her Section 1983 claim is barred by Puerto Rico's one-year statute of limitations.

In accordance with the above, defendants' motion to dismiss filed on April 2, 1987 is hereby GRANTED and plaintiff's complaint in this cause is hereby DISMISSED as time-barred.

Judgment shall be entered accordingly.

IT IS SO ORDERED.