**Gerardo CAMACHO–CARDONA, Plaintiff(s)**

v.

**Nicolas LOPEZ PEÑA, et al., Defendant(s).**

**Civil No. 04–1393 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 15, 2005.

Arturo Luciano–Delgado, Arturo Luciano Law Office, San Juan, PR, for Plaintiff.

Claribel Ortiz–Rodriguez, Lespier, Munoz Noya & Rivera, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May 5, 2004, plaintiff Gerardo Camacho Cardona ("Camacho") filed this complaint alleging that the State Insurance Fund Corporation ("SIFC") discriminated against him due to his political beliefs (Docket No. 1). On September 13, 2004, defendants Nicolas Lopez Peña ("Lopez") and Miguel Ramos Quiles ("Ramos")(collectively "defendants") filed a motion to dismiss, arguing *inter alia* that the complaint is time barred (Docket No. 21). On November 8, 2004, plaintiff filed an opposition (Docket No. 31).[1] For the reasons discussed below, the Court **GRANTS** defendants' motion to dismiss.

## FACTUAL BACKGROUND[2]

Camacho has been working at the SIFC since July 24, 1986 and is affiliated with

---

1. Although plaintiff's opposition was untimely, the Court will nevertheless address the arguments raised therein.

2. The relevant facts are taken from the complaint (Docket No. 1).

the New Progressive Party ("NPP"). Following the November 2000 general elections, the Popular Democratic Party ("PDP") took over the government of Puerto Rico. Defendants are affiliated with the PDP.

Camacho claims that upon assuming their positions within the SIFC, the defendants implemented a policy of political discrimination against employees affiliated with the NPP. He further alleges that his former supervisor informed him that he would be removed from his position as Financial Assistant to make way for PDP affiliates who assisted during the 2000 political campaign. On March 20, 2003, Camacho was removed from the position of Financial Assistant and was relocated to the medical records office. On November 13, 2003, Camacho addressed a letter to Lopez regarding his demotion but received no response. Camacho claims that he is under defendants' constant surveillance. On April 1, 2004, Camacho alleges that defendants refused to appoint him to his former position of Financial Assistant.

## DISCUSSION

### A. Motion to Dismiss Standard.

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### B. Defendants' Motion to Dismiss

■ The limitations period for a political discrimination action under 42 U.S.C. § 1983 is governed by the applicable state statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 278–280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Puerto Rico, the statute of limitations is one year. *See* Article 1868(2) of the Civil Code, P.R. Laws Ann. 31 § 5298(2); *Torres v. Superintendent of Police*, 893 F.2d 404, 406 (1st Cir.1990). Although this Court will apply the one-year period applicable to local tort actions, the date of accrual is a federal law question. *See Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 353 (1st Cir.1992). The accrual period "ordinarily starts when the plaintiff knows, or has reason to know of the injury on which the action is based." *See Rivera–Muriente*, 959 F.2d at 353 (1st Cir.1992); *Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 174 (1st Cir.1997); *Velazquez–Rivera v. Danzig*, 234 F.3d 790, 795 (1st Cir.2000). If plaintiff establishes a continuing violation of his first amendment rights the statute of limitations begins to accrue after violation concluded. *See Muniz–Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir.1994) (*quoting Velazquez v.*

*Chardon,* 736 F.2d 831, 833 (1st Cir.1984)). To establish a continuing violation, plaintiff "must allege that a discriminatory act occurred or that a discriminatory policy existed within the period prescribed by the statute." *Id.*

■ Defendants argue that plaintiff's cause of action is time-barred because it was filed more than one year after the accrual of the cause of action. Defendants argue that on March 20, 2003, plaintiff received the letter demoting him from the position of Interim Financial Assistant. Plaintiff, however, did not file this complaint until May 5, 2004; that is more than one month after the limitations period had expired.

■ Plaintiff counters by arguing that the allegations in the complaint establish a continuing violation which would toll the statute of limitations. However, "[a] continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination." *Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir.1979). Plaintiff must demonstrate "that not only the injury, but the discrimination, is in fact ongoing." *Velazquez v. Chardon,* 736 F.2d 831, 833 (1st Cir.1984).

Upon review of the complaint, the Court cannot find that plaintiff has met this burden. The complaint merely alleges general acts of harassment and persecution, non-assignment of duties, humiliation, hostile environment, etc., but it does not establish which defendants specifically committed these acts, when they allegedly occur, or even if the plaintiff personally suffered from these acts within the year prior to the filing of the complaint. Other than the date of his demotion, the complaint is devoid any dates which could establish when, or at least during what period of time, these alleged discriminatory acts occurred. "[I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir.2004).

Moreover, Camacho alleges that he addressed a letter to Lopez "regarding his demotion". Without knowledge of the contents of the letter, however, plaintiff has not placed the Court in a position to determine if the letter could be understood as an extra-judicial claim which would toll the period of limitations. The bald assertion that defendants refused to appoint Camacho to the position of Financial Assistant in April 2004 also fails to toll the statute of limitations insofar as no other facts were alleged to support it.

Accordingly, the Court finds that plaintiff has not pled sufficient facts to establish a continuing violation and, therefore, the complaint is time-barred and the claims against Lopez and Ramos must be dismissed.

■■ Furthermore, a Court may *sua sponte* dismiss a complaint as frivolous if it "lacks an arguable basis in law or fact". *Street v. Vose,* 936 F.2d 38, 39 (1st Cir. 1991). A complaint that "states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous." *Id.*

Defendant Sara Rosario–Vazquez it seems has not yet been served with summons in the case (*See* Docket No. 43), and, thus, did not move for dismissal for failure to state a claim. Nevertheless, the Court will *sua sponte* dismiss plaintiff's claims against her as also being time-barred.

## CONCLUSION

For the foregoing reasons, all plaintiff's claims are hereby dismissed **with prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.