Alejandro PEREZ, Plaintiff-Appellant,

v.

LAREDO JUNIOR COLLEGE, et al., Defendants-Appellees.

No. 82–2464
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 10, 1983.

Rehearings Denied July 28, 1983.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Hall & Sames, H.C. Hall, III, Laredo, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Invoking 42 U.S.C. §§ 1981 (1976) and *id.* § 1983 (Supp. III 1979), a member of the faculty of a state college contends that he was denied additional compensation due him after he received a Doctor of Philosophy degree. The district court dismissed the action because the plaintiff failed to file his claim within two years of the time additional compensation was first denied him, and, therefore, the Texas statute of limitations barred his claims. The sole issue is whether any of the claims asserted were continuing violations of the plaintiff's federal rights and are, therefore, not barred. Finding that, as to all claims but that of a continuing denial of equal protection of the law, the statutory limitations period began to run when additional pay was first denied, we sustain the summary judgment dismissing those claims for their belated filing. However, the record does not compel the conclusion that, if there was a denial of equal protection, it ceased more than two years ago, and we, therefore, reverse the judgment dismissing that claim and remand for further proceedings with regard to it.

Dr. Alejandro Perez is a member of the faculty of Laredo Junior College, a Texas state institution. He received a master's degree in mathematics from the University of Utah in 1968. He has been a member of the Laredo Junior College faculty since 1968, teaching mathematics. In 1975, Dr. Perez made known to college officials his plans to work on a Doctor of Philosophy degree in Educational Administration in Higher Education at the University of New Mexico. While pursuing the doctorate degree, he was paid additional compensation for courses he was taking despite the college's written regulations calling for such additional pay only when courses are taken "in the teaching subject."

In 1977 Dr. Perez received his Ph.D. degree. In 1978, he sought additional compensation pursuant to Laredo's policy of granting a salary increase when a faculty member received a doctorate. His department head denied the increase because such

compensation was due under the college's pay policies only if the doctoral degree was in the instructor's teaching field, and Perez was teaching mathematics, not educational administration. Perez appealed the decision to the college dean, then to an ad hoc committee; each denied his request. On March 9, 1978, he appealed the ad hoc committee's decision to the college president who, on March 31, denied the increase. He next appealed to the Board of Trustees, which denied the appeal on May 2, 1978. Perez continued, however, to teach at the college. He commenced this action in January, 1982, more than three years and eight months after the Board of Trustees finally denied his appeal.

Congress has set no statute of limitations on suits arising under § 1983, so we borrow the applicable state statute.[1] The limitations period guarantees the protection of the civil rights laws to those who promptly assert their rights, yet protects employers from the burden of defending claims arising from employment decisions that are long past. *Delaware State College v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 503, 66 L.Ed.2d 431, 439 (1980).

■ Although state law governs the substantive limitation period, federal law determines when a civil rights action accrues and, therefore, when the statute of limitations begins to run.[2] In deciding when the statute of limitations commences to run under §§ 1981 and 1983, we look to the Title VII cases. *See* 42 U.S.C. §§ 2000e to 2000e–17 (1976 & Supp. III 1979). The determination "requires us to identify precisely"[3] when the deprivation forbidden by § 1983 or the denial of equal benefit of the laws forbidden by § 1981 occurred.[4] We assume that the continuing violation theory is available to remedy employment practices and policies that operate to deny employees their protected rights if the offending practice continued to be enforced during the limitations period.[5] To establish a continuing violation, however, the plaintiff must establish that the unconstitutional or illegal act was a part of "standard operating procedure," a fixed and continuing practice.[6]

■ If the discrimination alleged is a single act, the statute begins to run at the time of the act.[7] If, on the other hand, the statutory violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full

1. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, 303 (1975); *Green v. Forney Engineering Co.,* 589 F.2d 243, 245 n. 3 (5th Cir.1979). The applicable Texas statute is a two-year limitations period, Tex.Civ.Stat.Ann. art. 5526 (Vernon Supp.1982), both as to claims under § 1981 and § 1983. *Drayden v. Needville Independent School Dist.,* 642 F.2d 129, 132 (5th Cir.1981); *Green,* 589 F.2d at 247.

2. *Drayden,* 642 F.2d at 131; *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir.1980), *on rehearing,* 644 F.2d 1023 (5th Cir.1981).

3. *Ricks,* 449 U.S. at 257, 101 S.Ct. at 503, 66 L.Ed.2d at 439.

4. Section 1981 provides:
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of per-

sons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. Because we consider solely the issue raised, whether the statute of limitations has run, we intimate no opinion on the question whether Perez's claims are cognizable under § 1981. Neither do we intimate any opinion concerning whether the fact that he was paid additional compensation while working on his doctorate created such an expectation as to give him a cause of action under § 1983.

5. *See, e.g., Jewett v. International Telephone & Telegraph Corp.,* 653 F.2d 89 (3d Cir.) (and cases cited therein), *cert. denied,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981).

6. 653 F.2d at 92.

7. *See Ricks,* 449 U.S. at 258, 101 S.Ct. at 504, 66 L.Ed.2d at 439.

limitations period are foreclosed.[8] Similarly, if the statutory violation occurs as a result of a continuing policy, itself illegal, then the statute does not foreclose an action aimed at the company's enforcement of the policy within the limitations period.[9] Thus in *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 249 (5th Cir.1981), dealing with whether a charge of discrimination in violation of Title VII was filed within the 180-day statutory period, we distinguished between "a discrete act of discrimination [that occurred] more than 180 days prior to the filing of [the] charge" and the act of "continuously maintaining an illegal employment practice." *See also Allen v. United States Steel Corp.,* 665 F.2d 689 (5th Cir.1982); *Dobbs v. City of Atlanta,* 606 F.2d 557 (5th Cir.1979).

Perez's complaint has five counts. In accordance with the instructions in *Ricks* that we "identify precisely" the nature of the complaint and when the reprobated act occurred, we examine each. Of course the mere allegation that the wrong is continuing, made several times in the complaint, is conclusory and must be evaluated in the light of the facts stated in the complaint and those adduced in support of, or against, the motion for summary judgment.

■ The first claim is that the denial of additional pay was arbitrary and in violation of Perez's right to due process of law and was a malicious act. This in effect alleges a single violation, the Board of Trustees' decision to deny Perez a raise. Even though the damages resulting from that act, loss of· pay, may continue, the wrongful act itself, the denial of the claim for pay, did not. By simple analogy, the event was like a tort that injures a person causing him to lose income for months or years thereafter. The cause of action accrues when the tort is committed.[10]

■ The second claim requires more extended discussion, and we, therefore, consider it below. The third claim is that additional pay was denied Perez in retaliation for his exercise of first amendment rights. This likewise states but a single wrongful act. The fourth claim is for breach of contract; assuming without deciding that this claim could constitute a violation of § 1981 or § 1983, there was but one event. The fifth claim is that the denial was a violation of the ex post facto provisions of the federal and state constitutions. This, too, is based on one event.

■ We turn now to the second claim. Perez's complaint alleges that "other faculty members of Laredo Junior College, similarly situated, *have been* compensated for doctoral degrees outside their teaching areas." (emphasis added). This is alleged to be a continuing denial of equal treatment and presumably invokes the fourteenth amendment guarantee of equal protection of the laws. Perez argues that each day he is not paid on the same basis as another faculty member is a separate violation of his constitutional rights. The college denied that allegation but did not negate it by deposition or affidavit. More important, the evidentiary materials offered in support of and against the summary judgment motion do not mention whether other faculty members, allegedly similarly situated, have been so paid within the statutory period or are still being paid. The burden of proving that there is no genuine dispute of material fact is on the party who seeks summary

---

8. *Jenkins v. Home Ins. Co.,* 635 F.2d 310, 312 (4th Cir.1980) (per curiam) (discriminatory violation—unequal pay—occurred in series of separate but related acts throughout employment); *Clark v. Olinkraft, Inc.,* 556 F.2d 1219 (5th Cir.1977) (failure to promote and raise pay stated cause of action under continuing violation theory), *cert. denied,* 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978); *see Roberts v. North American Rockwell Corp.,* 650 F.2d 823 (6th Cir.1981) (plaintiff's repeated efforts to be hired and company's repeated refusal to hire stated cause of action under continuing violation theory).

9. *E.g., Roberts,* 650 F.2d at 826–28 (and cases cited therein); *Downey v. Southern Natural Gas Co.,* 649 F.2d 302, 304 (5th Cir.1981).

10. *See United Airlines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed. 571 (1977).

judgment.[11] A constitutional claim should not be dismissed on the basis of the construction of the verb-tense in a pleading.[12]

If the college has, since denying Perez additional pay, paid such compensation to another faculty member who, like Perez, has a doctorate degree outside his teaching field, then the statute does not bar his claim.[13] If, however, any such practice ceased more than two years ago,[14] Perez would be asserting neither a continuing violation manifested by a number of incidents [15] nor a continuing unlawful policy or practice.[16]

For these reasons, we AFFIRM the judgment dismissing all counts of the complaint except Count II. As to that count, we REVERSE the dismissal and REMAND for further proceedings consistent with this opinion. If the second federal claim is not barred by the statute of limitations, the district court should reconsider its dismissal of the pendent state law claim.

---

**11.** *See, e.g., Nicholas Acoustics & Specialty Co. v. H & M Construction Co.,* 695 F.2d 839, 844 (5th Cir.1983).

**12.** *Cf. Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam) (tenure denial case). The Supreme Court said, "There were no other allegations, either in *Ricks* or in these cases, of illegal acts subsequent to the dates on which the decisions to terminate were made." *Id.* at 8, 102 S.Ct. at 29, 70 L.Ed.2d at 9. Here the alleged illegal act is denying Perez pay on the basis contrary to that on which other faculty members were paid, not the fact of continuing to pay the other faculty members.

**13.** *See, e.g., Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663, 670 (S.D.N.Y.1982).

**14.** If so, there was an ascertainable date on which the alleged act of discrimination occurred, and that is the day the statute began to run. *See generally Milton v. Weinberger,* 645 F.2d 1070, 1075 (D.C.Cir.1981); *Collins,* 542 F.Supp. at 670.

**15.** *See Collins,* 542 F.Supp. at 670.

**16.** *See Havens Realty Corp. v. Coleman,* 455 U.S. 363, 381, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214, 231 (1982) (plaintiff challenged "not just one incident of conduct" but unlawful practice continuing into the limitations period).