**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**and**

**Edward L. Miller, Plaintiff in Intervention,**

**v.**

**R.R. DONNELLEY & SONS, INC., Defendant.**

**No. IP 90 1432 C.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 13, 1992.

David R. Treeter, E.E.O.C., John H. Haskin, Haskin & Associates, Indianapolis, Ind., for plaintiff.

Roberta Sabin Recker, Wendy V. Yerkes, Baker & Daniels, Indianapolis, Ind., for defendant.

**ENTRY**

BARKER, District Judge.

I. BACKGROUND

Edward L. Miller is and has been a member of the Worldwide Church of God (at least) since 1982. One tenet of the Worldwide Church of God is that its members should not work from sundown Friday to sundown Saturday.

R.R. Donnelley & Sons has employed Edward L. Miller since 1964. R.R. Donnelley occasionally requires its employees to work on weekends and pays its employees time and one-half when they work on Saturday and double when they work on Sunday.

In July 1982, Miller told R.R. Donnelley that he was a member of the Worldwide Church of God and asked if he could be excused from work in accord with his religious beliefs. On December 14, 1982, R.R. Donnelley extended to Miller (by memorandum) the following accommodation:

> We will allow you to be excused from working the hours of Friday Sundown through Saturday Sundown. Hours not worked during this period will *not* be counted as absences. Since that period of time represents your Sabbath, you will receive one and one-half time pay rate for any Sunday work hours performed.

R.R. Donnelley's Motion for Summary Judgment, Exhibit 2; Oswalt Affidavit, ¶ 8.

Nearly six and one-half years later, on March 21, 1989, Miller filed a discrimination charge with the Equal Employment Opportunity Commission (hereinafter referred to as the E.E.O.C.), alleging that R.R. Donnelley employs a discriminatory overtime pay scale. After receiving that charge, the E.E.O.C. filed this Title VII religious discrimination complaint against R.R. Donnelley on June 7, 1990.

## II.  DISCUSSION

R.R. Donnelley has filed a motion for summary judgment, claiming that the plaintiffs have failed to demonstrate a *prima facie* case of discrimination, that the discrimination claim is time barred, and that the plaintiffs are equitably estopped from litigating this complaint. The plaintiffs each filed objections to that motion, claiming that they have established a *prima facie* case of discrimination (by demonstrating that every other R.R. Donnelley employee is paid double on Sunday) and that this claim is not time barred because it is a "continuing violation." In addition, Miller claims that equitable estoppel does not apply because he did not discover until February 1989 that another Worldwide Church of God employee (who is sometimes excused from Saturday work) is paid double for Sunday work, and the E.E.O.C. claims that equitable estoppel does not apply because Miller did not acquiesce to the pay differential, and in support of its claim, asserts that Miller on two occasions filed internal grievances complaining about the pay differential, once on October 29, 1985 and once on April 11, 1988.

The E.E.O.C. also filed a motion for summary judgment, claiming that R.R. Donnelley's pleadings, responses, and filed affidavits in support of its motion for summary judgment reveal that this case presents no material issues of fact.

### Continuing Violation

■ A statute of limitations ordinarily begins to run on the date the injured party knew or should have known of the actionable discriminatory act. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). To determine when a statute of limitations begins to run, courts must identify precisely the unlawful employment practice. *Lorance v. AT & T Technologies, Inc.*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *E.E.O.C. v. City Colleges of Chicago*, 944 F.2d 339 (7th Cir.1991); *Kuemmerlein v. Board of Educ.*, 894 F.2d 257 (7th Cir.1990). But where a violation is part of an unlawful practice or system that continues throughout a statute of limitations period, the violation is said to be a "continuing violation," not subject to an ordinary statute of limitations application. *Perez v. Laredo Junior College*, 706 F.2d 731, 733 (5th Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984); *See Bazemore v. Friday*, 478 U.S. 385, 395–96, 106 S.Ct. 3000, 3006, 92 L.Ed.2d 315 (1986).

The distinction between a "continuing violation" and *Ricks'* precise "unlawful employment practice" is whether the aggrieved employee suffers "the present consequence of a one-time violation [or] the continuation of [a] violation into the present." *Webb v. Indiana Nat. Bank*, 931 F.2d 434, 438 (7th Cir.1991); *see United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) ("the

emphasis should not be placed on mere continuity; the critical question is whether any present violation exists").

Determining whether a plaintiff suffers the consequences of a past violation or the persistent recurrence of fresh violations, courts focus on "what event, in fairness and logic, should have alerted the average lay person to act to protect his rights, or when he should have perceived that discrimination was occurring." *Dumas v. Mt. Vernon*, 612 F.2d 974, 977 (5th Cir.1980); *see Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir.1983), *cert. denied*, 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). "Equitable considerations may very well require that the filing periods not begin to run until facts supportive of a ... civil rights action are or should be apparent to a reasonably prudent person similarly situated." *Dumas v. Mt. Vernon*, 612 F.2d at 978 (quotations omitted).

■ This is not a "continuing violation" case. The alleged violation occurred on December 14, 1982, when R.R. Donnelley offered Miller the aforequoted religious accommodation. Miller was notified on December 14, 1982 that R.R. Donnelley was going to pay him less—either because Saturday is Miller's Sabbath or because Miller is excused from Saturday overtime, regardless of the reason—and that clear event, in fairness and logic, should have alerted Miller that (the alleged) discrimination was occurring and/or if he wants to contest the accommodation as being unreasonable or discriminatory, he needs to act to protect his rights.[1] The adoption of that accommodation policy triggered the running of the statute of limitations, and Miller cannot wait seven years to challenge the whole of that accommodation. *E.E.O.C. v. City Colleges of Chicago*, 944 F.2d at 341 ("A statute of limitations begins to run at the time of the discriminatory acts, not at the time at which the consequences of the acts become most painful.") (citing *Lorance v. AT*

*& T Technologies*, 490 U.S. at 907, 109 S.Ct. at 2266; quotations omitted).

■ Miller and the E.E.O.C. cleverly couch this litigation in terms of a straightforward pay/discrimination claim, which would suggest that the Sunday overtime pay rate is a "continuing violation." *See Bazemore v. Friday*, 478 U.S. at 395, 106 S.Ct. at 3006 ("Each week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII...."). However, the plaintiffs' attempt to split the accommodation policy into two parts and ask this Court to examine only one part (in essence, the effect of the accommodation) mischaracterizes the nature of the alleged violation. If Miller would have initiated legal action within 300 days of December 14, 1982, this Court would surely have analyzed this claim under the reasonable accommodation/undue hardship framework, not as a straight discrimination-in-pay claim. *See Baz v. Walters*, 782 F.2d 701, 706 & n. 5 (7th Cir.1986); *Drazewski v. Waukegan Development Center*, 651 F.Supp. 754, 756 (N.D.Ill.1986). Equity simply does not allow a plaintiff to wait seven years to contest the adoption and substance of an accommodation policy. *Dumas v. Mt. Vernon*, 612 F.2d at 978.

In sum, R.R. Donnelley's adoption of the accommodation policy, not each application of that accommodation, was the relevant act that triggered the statute of limitations, and since Miller failed to file his charge of discrimination within 300 days of December 14, 1982, the plaintiffs' Title VII claim is barred. 42 U.S.C. § 2000e–5(g); *see Lorance v. AT & T Technologies, Inc.*, 490 U.S. at 906–09, 109 S.Ct. at 2265–67; *see also E.E.O.C. v. City Colleges of Chicago*, 944 F.2d at 343 (applying *Lorance* to Title VII suits).

### III. CONCLUSION

The plaintiffs' claim of religious discrimination regarding the accommodation policy

---

1. There is no doubt that Miller thought on October 29, 1985 (when he filed his first internal grievance) that his rights had been violated. Even if the 300–day time period commenced as of that date, the plaintiffs' claim would still be time barred; Miller did not file his charge of discrimination until three and one-half years after he filed his first internal grievance. *See* 42 U.S.C. § 2000e–5(g).

and overtime pay is time barred, and this Court hereby grants R.R. Donnelley's motion for summary judgment. Accordingly, this case is DISMISSED.

It is so ORDERED.