<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

     [NOT FOR PUBLICATION - NOT TO BE USED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 98-1806

                    PHRYNE ARROYO-SANTIAGO,

                     Plaintiff, Appellant,

                               v.

                   JOSE A. GARCIA-VICARIO and
                  HONORABLE FELIPE PEREZ-CRUZ,

                     Defendants, Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                     Stahl, Circuit Judge,
                Bownes, Senior Circuit Judge,
                  and Lipez, Circuit Judge.
                                
                                
                                
                                
         Benicio Snchez Rivera on brief for appellant.
         Carlos Lugo Fiol, Solicitor General, Edda Serrano
Blasini, Deputy Solicitor General, and Irene S. Soroeta-Kodesh,
Assistant Solicitor General, Department of Justice, on brief for
appellee Honorable Felipe Prez-Cruz.

July 28, 1999

                               

 Per Curiam.  On July 30, 1997, Phryne Arroyo-Santiago
brought suit in the district court for the District of Puerto Rico
against her ex-husband, Jos Garca-Vicario, and the Puerto Rico
Superior Court Judge who presided over their divorce proceedings,
the Honorable Felipe Prez-Cruz.  Charging violations of 42 U.S.C.
1983 & 1985, Arroyo-Santiago alleged that as a result of Judge
Prez-Cruz's personal relationship with her then-husband, Judge
Prez-Cruz treated her unfairly during their 1984 divorce
proceedings.  She further alleged that "[h]er civil rights were
trampled and obliterated" when the financial support that she had
been receiving from Garca-Vicario was reduced and eventually
eliminated in 1996 by another judge who might have been influenced
by Judge Prez-Cruz.  Finally, Arroyo-Santiago complained that a
hearing to divide the dissolved marriage's community property,
allegedly scheduled for August 7, 1997, was going "to take away
whatever ruminants [sic] of property are left . . . and award them
to [her ex-husband] Garca-Vicario."
 The district court dismissed Arroyo-Santiago's complaint
by order of May 29, 1998.  Applying Puerto Rico's one-year statute
of limitations for tort actions, the district court concluded that
the complaint was time barred.  The district court also held in the
alternative that: (i) there was no allegation of state action on
the part of Garca-Vicario and (ii) Judge Prez-Cruz was entitled
to judicial immunity.  This appeal followed, and we now affirm.
                              I.
 Given our review of the court's dismissal of the
complaint, we rely on the complaint for a statement of the facts
relevant to this appeal.  See Correa-Martinez v. Arrillaga-
Belendez, 903 F.2d 49, 51 (1st Cir. 1990) ("In reviewing a Rule
12(b)(6) dismissal, we take the well-pleaded facts as they appear
in the complaint, indulging every reasonable inference in
plaintiff's favor.").  On October 18, 1984, Garca-Vicario filed an
action in the Puerto Rico Superior Court alleging "cruel treatment"
and seeking a divorce from Arroyo-Santiago.  On November 5, 1984,
Arroyo-Santiago, "having failed to obtain legal
representation . . . filed a motion requesting an extension of 30
days to answer the complaint, specifying that she had 'legitimate
defenses' to the allegations" contained in the divorce pleadings.  
Judge Prez-Cruz "denied the request [for an extension of time],
stating no reason for the denial."  Default was entered on November
15, 1984.   "Trial" was nonetheless scheduled for December 18, 1984
at 8:30 AM, even though "[a]ccording to the Rules of the Courts of
Puerto Rico, proceedings start at 9 AM."  The divorce was
allegedly granted that morning in her absence.
 "From this date on, 18 December, 1984, Mrs. Arroyo[-
Santiago] has had an uphill bat[t]le with little chance of success,
to clearly overturned [sic] this hideous situation . . . ."  
Another judge, "without ever setting or holding a hearing," reduced
her alimony.  Yet another judge subsequently concluded that Arroyo-
Santiago was ineligible for alimony and that any financial support
provided by her husband would be "chargeable to the amount she
would receive as part of the [c]ommunity property's final
disposition."  "Lastly," Arroyo-Santiago alleges, "in 1996, the
amount of monies she was receiving was rescinded and eliminated."  
Finally, the complaint predicts that "[t]he stage is set to take
away whatever ruminants [sic] of property are left" at a hearing to
dispose of the community property which was scheduled for August 7,
1997.
 In the complaint's penultimate paragraph, Arroyo-Santiago
states her claims:
     Both defendants have engaged in a
 common design or mutually implied
 understanding to deprive plaintiff of her
 fight [sic] to the due process and equal
 protection of [l]aw.
     Mrs. Arroyo has been denied assistance
 of counsel.
     Acting in excess of his jurisdictional
 powers, the judge denied Plaintiff an
 opportunity to retain counsel before rendering
 a decision on the case.
     Plaintiff was denied a fair [t]rial and
 found to be the "guilty party".
     There was nothing "judicial" in
 summarily entering default judgment against
 her and the holding of the [t]rial out of the
 regular hours as set by the Courts.
   
On the basis of these alleged infirmities, Arroyo-Santiago
requested that "a permanent injunction be issued against the
defendants forbidding them to take any further action of any kind
in any Court of law or agency against Mrs. Arroyo and to cease and
desist trying to hold hearings of any kind in any case until this
Honorable Court orders otherwise and [j]udgement should be issued
against defendants in the amounts requested."  Arroyo-Santiago  
requested damages of $2,500,000.00 against Garca-Vicario and "an
amount to be determined by the jury against Judge Felipe [Prez-
Cruz]."  The court granted the motions of defendants requesting
dismissal, thereby prompting this appeal.
                              II.
 A district court's dismissal of a claim pursuant to Rule
12(b)(6) is reviewed de novo.  See Vartanian v. Monsanto Co., 14
F.3d 697, 700 (1st Cir. 1994).  Because we operate "under the same
constraints that bind the district court . . . we may affirm a
dismissal for failure to state a claim only if it clearly appears,
according to the facts alleged, that the plaintiff cannot recover
on any viable theory."  Correa-Martinez, 903 F.2d at 52.  In
reviewing whether dismissal was warranted, we accept as true all
factual allegations within the complaint and indulge all reasonable
inferences in the plaintiff's favor.  See Brown v. Hot, Sexy &
Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995).  In making
this legal determination, however, we are not limited to the
reasoning articulated by the district court but may affirm on the
basis of "any independently sufficient grounds."  Id.
 When evaluating the timeliness of a claim under 42 U.S.C.
1983, courts "should borrow the state statute of limitations for
personal injury actions."  Owens v. Okure, 488 U.S. 235, 236
(1989).  In cases arising in Puerto Rico, we have repeatedly
applied Puerto Rico's one-year statute of limitations pertaining to
tort actions, P.R. Laws Ann. tit. 31,  5298.  See Ramirez Morales
v. Rosa Viera, 815 F.2d 2, 3 (1st Cir. 1987); Altair Corp. v.
Pesquera de Busquets, 769 F.2d 30, 31 (1st Cir. 1985).  The one-
year statute of limitations "begins running one day after the date
of accrual, which is the date plaintiff knew or had reason to know
of the injury."  Benitez-Pons v. Commonwealth of Puerto Rico, 136
F.3d 54, 59 (1st Cir. 1998).
 Arroyo-Santiago's claims, save one discussed separately
below, accrued in excess of one year prior to the filing of her
complaint on July 30, 1997.  In the underlying divorce case,
judgment was entered in December 1984, more than twelve years prior
to the filing of Arroyo-Santiago's complaint.  With regard to the
financial support proceedings, while it is unclear from the
complaint exactly when the alimony was eliminated by judicial
decision, Arroyo-Santiago's complaint tells us all that we need to
know.  The complaint avers that as a result of orders of the Puerto
Rico courts, Arroyo-Santiago had received no alimony "for more than
12 months" at the time the complaint was filed, thus placing the
complaint, by its own terms, outside the one-year statute of
limitations.  
 Arroyo-Santiago argues that these claims are saved from
operation of the statute of limitations by her allegation that a
"conspiracy," of which these alleged events were a part, was
continuing at the time of her complaint.  In support of this
contention, Arroyo-Santiago cites to our decision in Velazquez v.
Chardon, 736 F.2d 831 (1st Cir. 1984).  Velazquez does indeed stand
for the proposition that if a complaint alleges an ongoing series
of violations, "then the limitations period begins anew with each
violation."  Id. at 833 (quoting Perez v. Laredo Junior College,
706 F.2d 731, 733-34 (5th Cir. 1983)(footnotes omitted)).  However,
Velazquez also stated that because each discrete violation is
subject to a new application of the statute of limitations, "those
violations preceding the filing of the complaint by the full
limitations period are foreclosed."  Id.  Therefore, all claims
which accrued more than one year before the filing of the complaint
on July 30, 1997 are time-barred.  Assuming, dubitante, that
Arroyo-Santiago ever had an actionable federal claim, any such
claim was extinguished one year after the alleged injurious events.  
 One claim in the complaint is not susceptible to
dismissal on statute of limitations grounds.  Arroyo-Santiago
alleged that a hearing to divide the dissolved marriage's community
property was scheduled for August 7, 1997.  Arroyo-Santiago asked
the district court to enjoin that hearing from taking place,
ostensibly because Judge Prez-Cruz, while not presiding over the
community property proceedings, "maybe" had used his influence with
another judge of the Superior Court of Puerto Rico to Arroyo-
Santiago's prejudice.  Although this claim was not time-barred,
because of the date of the community property hearing (August 7,
1997), the complaint fails to state a claim which is cognizable
under federal law.
 The only accusation against either defendant even
arguably applicable to the August 7, 1997 hearing states: "Upon
information and belief Judge Prez-Cruz exercised undue influence
upon all personnel and maybe the other judges of the Superior Court
of Ponce with the sole purpose of obtaining many rulings on behalf
of Jos Garca-Vicario."  Such speculation falls far short of even
a minimally adequate claim: "Pleading conspiracy under sections
1983 & 1985(3) requires at least minimum factual support of the
existence of a conspiracy."  Francis-Sobel v. Univ. of Maine, 597
F.2d 15, 17 (1st Cir. 1979); see also Slotnick v. Garfinkle, 632
F.2d 163, 166 (1st Cir. 1980) (affirming dismissal because
complaint "neither elaborates nor substantiates its bald claims
that certain defendants 'conspired' with one another").  
 Even though we give plaintiffs the benefit of the doubt
in reviewing a complaint's sufficiency, "we need not credit bald
assertions, periphrastic circumlocutions, unsubstantiated
conclusions, or outright vituperation."  Correa-Martinez, 903 F.2d
at 52.  Federal Rule of Civil Procedure 8(a)(2), establishing the
requirements for an adequate complaint, "does not entitle a
plaintiff to rest on 'subjective characterizations' or conclusory
descriptions of 'a general scenario which could be dominated by
unpleaded facts.'"  Id. at 52-53 (quoting Dewey v. Univ. of New
Hampshire, 694 F.2d 1, 3 (1st Cir. 1982)).  Even under the modern
"notice pleading" regime, a plaintiff is "required to set forth
factual allegations, either direct or inferential, respecting each
material element necessary to sustain recovery under some
actionable legal theory."  Romero-Barcelo v. Hernandez-Agosto, 75
F.3d 23, 28 n.2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp.,
851 F.2d 513, 515 (1st Cir. 1988)).
 Because Arroyo-Santiago's complaint about the hearing on
August 7, 1997, fails to provide a minimally sufficient factual
predicate to support the defendants' liability, the complaint fails
to state a claim as a matter of law.  
 Affirmed.

</body>

</html>